UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| CHAISON SUBER, | Case No. 2:25-cv-391 |
| Plaintiff, | |
| vs. | District Judge Algenon L. Marbley |
| | Magistrate Judge Peter B. Silvain, Jr. |
| DEPUTY BAILEY KHUNE, *Muskingum County*, | |
| Defendant. | |

### REPORT AND RECOMMENDATION[1]

This case is currently before the Court on Plaintiff's motion for issuance of a temporary restraining order (TRO) and/or preliminary injunction. (Doc. 4). Plaintiff, an inmate currently incarcerated at the Muskingum County Jail, in Zanesville, Ohio, has filed the motion in conjunction with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Although the Court has, by separate order, allowed Plaintiff to proceed at this juncture to further development on his Complaint, Plaintiff has not alleged facts sufficient to warrant a TRO/preliminary injunction. It is therefore **RECOMMENDED** that the motion for TRO/preliminary injunction (Doc. 4) be **DENIED without prejudice**.

**A. Legal Standard**

In determining whether to issue a TRO/preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled

to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

**B.     Analysis**

Plaintiff has not alleged facts sufficient to warrant a TRO/preliminary injunction. Plaintiff has made no attempt to apply the above factors that must be weighed to his situation. Further, he has not presented any evidence either showing a substantial likelihood of success on the merits of his constitutional claim or demonstrating that he will suffer irreparable harm absent a TRO/preliminary injunction. Rather, Plaintiff raises issues in his motion for a TRO/preliminary injunction that are unrelated to the merits of the claim presented in his Complaint. In his Complaint, Plaintiff alleges an unlawful strip search in violation of the Fourth Amendment. (Doc. 1). Plaintiff's motion for injunctive relief, however, raises issues pertaining to events that allegedly occurred after the incident at issue in his Complaint. A motion for TRO/preliminary injunctive relief is not the proper method for Plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013). Rather,

> [t]he purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010). A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of

> confinement that he finds actionable. *Arrington v. Scott*, [No. 12-cv-529], 2013 WL 1080298 (W.D. Mich. January 7, 2013). Strictly interpreted, [the plaintiff's] motion is unrelated to the underlying claim pending in this case. *See Id.*; *see also Ball v. Famiglio*, 396 F. App'x. 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

*Id.*

A TRO/preliminary injunction is also not warranted here because the purpose of a TRO/preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)—would not be served. Plaintiff does not seek to preserve the status quo. Instead he asks that Defendant be barred "from coming within 50 feet of Plaintiff or from entering any area where Plaintiff sleeps or otherwise inhabits" (Doc. 4, at PageID 17), in order to remedy an unproven constitutional violation and retaliation and intimidation allegations (*id*. at PageID 17-18) not included in his Complaint. Such requests do not preserve the status quo of the parties and do not serve the purpose of a TRO/preliminary injunction.

The Court need not analyze the remaining factors because it is clear based on the above considerations that Plaintiff is not entitled to the extraordinary relief he seeks. Plaintiff's request for a TRO/preliminary injunction (Doc. 4) should therefore be denied without prejudice.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for TRO/preliminary injunction (Doc. 4) be **DENIED without prejudice.**

May 12, 2025
*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## **PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).