IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHAISON SUBER,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:25-cv-391 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **DEPUTY BAILEY KHUNE,** | : | Magistrate Judge Peter B. Silvain |
| *Muskingum County*, | : | |
| | : | |
| Defendant. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before this Court on Magistrate Judge Peter B. Silvain's Report and Recommendation ("R&R") that Plaintiff Chaison Suber's motion for a temporary restraining order ("TRO") or preliminary injunction be denied without prejudice. (ECF No. 8).  For the reasons stated below, this Court **ADOPTS** the R&R (ECF No. 8) in its entirety. Plaintiff's motion for injunctive relief (ECF No. 4) is **DENIED** without prejudice.

Plaintiff, an inmate currently incarcerated at the Muskingum County Jail, in Zanesville, Ohio, moved for a TRO or preliminary injunction in conjunction with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 4).  Specifically, Plaintiff asks this Court to prohibit Defendant Deputy Bailey Khune from "coming within 50 feet of Plaintiff or from entering any area where Plaintiff sleeps or otherwise inhabits." (ECF No. 4 at 1).

Recommending that Plaintiff's motion be denied, Magistrate Judge Peter B. Silvain explained that Plaintiff has made no attempt to apply the factors to show he is entitled to injunctive relief.  (ECF No. 8 at 3).   As the R&R notes, Plaintiff has not "presented any evidence either showing a substantial likelihood of success on the merits of his constitutional claim," or shown

"irreparable harm absent a TRO/preliminary injunction." (*Id.*). Rather, "Plaintiff raises issues in his motion for a TRO/preliminary injunction that are unrelated to the merits of the claim presented in his Complaint." (*Id.*). Having reviewed Plaintiff's filings, this Court agrees that Plaintiff has not met his burden with respect to any of the injunctive relief factors. Additionally, the R&R specifically advised Plaintiff of his right to object to the R&R within fourteen (14) days and on the rights he would forfeit by failing to do so. (*Id.* at 5). No objection has been filed, and the time for doing so lapsed on May 27, 2025. *See* Fed. R. Civ. P. 72(b).

This Court therefore **ADOPTS** the Report and Recommendation (ECF No. 8) based on its independent consideration of the analysis therein. Plaintiff's motion for a TRO or preliminary injunction (ECF No. 4) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 10, 2025**